**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3280
_____

LIRONG XU,
                    Appellant

v.

CHIEF JUDGE DEBRA TODD, the Supreme Court of Pennsylvania;
TUOMINEN ANDREA, Court Administrator of PA; DEPUTY STEVEN
ROTHERMEL, Prothonotary of the Supreme Court of Pennsylvania;
CHIEF CLERK DAVIN HALLAND, Supreme Court of Pennsylvania;
MICHAEL F. KRIMMEL, Prothonotary Commonwealth of Pennsylvania

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00439)
District Judge:  Honorable Karoline Mehalchick

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 7, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: August 11, 2026)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

In March 2025, Lirong Xu filed a pro se complaint in the District Court against the Chief Justice of the Pennsylvania Supreme Court and several Pennsylvania state court administrators ("Appellees"). The complaint, which was not a model of clarity, appeared to attack the Pennsylvania state courts' handling of various lawsuits in which Xu had been involved (Xu alleged, inter alia, that decisions in those cases had been fabricated). Appellees subsequently moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Xu, meanwhile, filed multiple cross-motions for a default judgment. Thereafter, a United States Magistrate Judge issued two reports, recommending that the District Court (1) deny Xu's motions and (2) grant Appellees' motion. In support of those recommendations, the Magistrate Judge explained that there was no default in this case, and that Xu's claims were foreclosed by, inter alia, the *Rooker-Feldman* doctrine and the doctrines of judicial and quasi-judicial immunity.

On October 3, 2025, the District Court adopted both reports and dismissed the case with prejudice. And on October 23, 2025, the District Court denied Xu's related motion for reconsideration. This timely appeal followed.[1]

Xu's 20-page appellate brief, liberally construed, does not challenge the basis for the District Court's denial of her motions for a default judgment, dismissal of her complaint, or denial of her motion for reconsideration. Instead, the brief appears to revolve around her contention that, for a myriad of reasons, the District Court

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

proceedings were structurally defective. For example, Xu alleges that the District Court's decisions "do not bear authentic . . . CM/ECF-verified judicial signatures." Xu's Br. 16. After careful consideration, we find no merit to Xu's litany of arguments. *See, e.g.*, *In re Xu*, No. 24-2851, 2024 WL 4719249, at \*1 (3d Cir. Nov. 8, 2024) (per curiam) (explaining, in a mandamus action brought by Xu, that "we perceive no irregularity with the [District Court's] electronic signatures," and that there is "no need to provide a 'verification mechanism'"). And since she has not challenged the bases for the District Court's decisions, we deem any such challenge forfeited. *See In re LTC Holdings, Inc.*, 10 F.4th 177, 181 n.1 (3d Cir. 2021) (noting that "arguments not developed in an appellant's opening brief are forfeited" (citing *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016))); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying this rule to a pro se appeal).

In view of the above, we will affirm the District Court's judgment.[2] Appellees' motion to be excused from filing a brief is granted.

---

[2] Pending before us are more than two dozen motions from Xu that collectively seek a long list of miscellaneous relief. None of those motions, the majority of which appear to revolve around Xu's complaints about our Clerk's Office's management of the docket for this appeal, warrants any relief. All Xu's pending motions are denied. To the extent that Xu's brief seeks any other relief from us, that relief is denied as well.